2004R00370/am

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA        :    Hon.

        v.                      :    Criminal No. 08 - 272 (WHW)

SAMUEL JAY TRAVIN, and          :    Title 18, United States Code,
GARY WEISBROT                        Sections 371 and 2 and Title
                                     26, United States Code,
                                     Section 7201

## I N D I C T M E N T

The Grand Jury in and for the District of New Jersey,

sitting at Newark, charges as follows:

### COUNT ONE
### (Conspiracy to Defraud the Internal Revenue Service)

1.    At all times relevant to this Indictment unless

otherwise stated:

a.    Defendant SAMUEL JAY TRAVIN, a resident of New

York, was the principal owner and President of Trade Union Media

Group, Inc. (hereinafter "Trade Union"), a company incorporated

in New York.  Trade Union published a labor union newspaper and

sold advertisements in the newspaper.  Trade Union maintained a

corporate bank account at a bank in New York. (hereinafter "Trade

Union Account").

b.    Defendant GARY WEISBROT, a resident of Edison,

New Jersey, was employed as a salesman for Trade Union.  At

various times, defendant GARY WEISBROT maintained several

personal checking accounts, in his name, at Emigrant Savings Bank

(hereinafter "ESB Account"), GreenPoint Bank (hereinafter

"GreenPoint Account"), Commerce Bank, (hereinafter "Commerce Account"), PNC Bank, (hereinafter "PNC Account"), and Bank of America, formerly Fleet Bank (hereinafter "BOA Account"), each with one or more branches in New Jersey.  In addition, defendant GARY WEISBROT maintained an investment account, in his name, with Charges Schwab and Company (hereinafter "Charles Schwab Investment Account").  Defendant GARY WEISBROT was required to annually file with the Internal Revenue Service a Form 1040, U.S. Individual Income Tax Return, and was required to pay personal taxes on his taxable income, including any compensation he received from Trade Union.

### The Conspiracy

2.   From in or around January 2000 to in or around November 2005, in the District of New Jersey and elsewhere, defendants

SAMUEL JAY TRAVIN, and
GARY WEISBROT

knowingly and willfully conspired and agreed with each other and others to defraud the United States by impeding, impairing, obstructing and defeating the lawful governmental functions of the Internal Revenue Service of the Department of the Treasury to ascertain, compute, assess, and collect income taxes.

### Object of the Conspiracy

3.     The object of the conspiracy was for defendants SAMUEL JAY TRAVIN and GARY WEISBROT to conceal from the Internal Revenue Service at least $1 million in defendant GARY WEISBROT's taxable income derived from Trade Union.

### Manner and Means of the Conspiracy

4.     It was part of the conspiracy that defendant SAMUEL JAY TRAVIN issued checks, drawn on the Trade Union Account, payable in the name of Louis Keltan, a nominee name (hereinafter "Louis Kelton checks").  From January 2000 to in or around July 2005, defendant SAMUEL JAY TRAVIN caused Trade Union to issue at least $1 million in checks in the name of Louis Keltan.

5.     It was further part of the conspiracy that defendant GARY WEISBROT endorsed the Louis Kelton checks and negotiated the checks at Trade Union's bank for cash.

6.     It was further part of the conspiracy that after negotiating the Louis Keltan checks, defendant GARY WEISBROT deposited the cash, in amounts under $10,000, into his personal checking accounts.

7.     It was further part of the conspiracy that defendant GARY WEISBROT transferred money, representing the proceeds of the Louis Keltan checks, from his personal checking accounts into his Charles Schwab Investment Account.

8.    It was further part of the conspiracy that
defendants GARY WEISBROT and SAMUEL JAY TRAVIN, who assisted in
the preparation of defendant GARY WEISBROT's federal individual
income tax returns, concealed at least $1 million in defendant
GARY WEISBROT's taxable income from the Internal Revenue Service,
which income he had a legal obligation to report on his
individual income tax returns.

**Overt Acts**

9.    In furtherance of the conspiracy and in order to
effect the object thereof, defendants SAMUEL JAY TRAVIN and GARY
WEISBROT and their co-conspirators caused the following overt
acts, among others, to be committed in the District of New Jersey
and elsewhere:

a.    On or about February 16, 2001, defendant
SAMUEL JAY TRAVIN issued a Trade Union check, in the amount of
$9,000, in the name of Louis Keltan.

b.    On or about February 28, 2001, defendant GARY
WEISBROT deposited $9,000 in cash into his BOA Account.

c.    On or about February 28, 2001, defendant GARY
WEISBROT issued a check, drawn on his BOA account in the amount
of $9,000, which was deposited into his Charles Schwab Investment
Account.

d.    On or about March 1, 2001, defendant SAMUEL
JAY TRAVIN issued a Trade Union check, in the amount of $9,500,
in the name of Louis Keltan.

e.   On or about March 6, 2001, defendant GARY
WEISBROT deposited $9,000 in cash into his BOA Account.

f.   On or about March 7, 2001, defendant GARY
WEISBROT issued a check, drawn on his BOA account in the amount
of $9,000, which was deposited into his Charles Schwab Investment
Account.

g.   On or about February 1, 2002, defendant SAMUEL
JAY TRAVIN issued a Trade Union check, in the amount of $8,000,
in the name of Louis Keltan.

h.   On or about February 7, 2002, defendant GARY
WEISBROT deposited $8,000 in cash into his GreenPoint Account.

i.   On or about February 7, 2002, defendant GARY
WEISBROT issued a check, drawn on his GreenPoint account in the
amount of $9,000, which was deposited into his Charles Schwab
Investment Account.

j.   On or about March 26, 2002, defendant GARY
WEISBROT caused a Form 1040, U.S. Individual Income Tax Return
for tax year 2001 to be filed with the Internal Revenue Service
that concealed at least $351,800 in taxable income that he
received from Trade Union via the Louis Keltan checks.

k.   On or about March 24, 2003, defendant GARY
WEISBROT caused a Form 1040, U.S. Individual Income Tax Return
for tax year 2002 to be filed with the Internal Revenue Service
that concealed at least $149,050 in taxable income that he
received from Trade Union via the Louis Keltan checks.

l.   On or about July 24, 2003, defendant SAMUEL JAY TRAVIN issued a Trade Union check, in the amount of $6,691, in the name of Louis Keltan.

m.   On or about July 25, 2003, defendant GARY WEISBROT deposited $6,600 in cash into his PNC Account.

n.   On or about July 29, 2003, defendant GARY WEISBROT issued a check, drawn on his PNC account in the amount of $6,600, which was deposited into his Charles Schwab Investment Account.

o.   On or about April 14, 2004, defendant GARY WEISBROT caused a Form 1040, U.S. Individual Income Tax Return for tax year 2003 to be filed with the Internal Revenue Service that concealed at least $178,882 in taxable income that he received from Trade Union via the Louis Keltan checks.

p.   On or about July 21, 2004, defendant SAMUEL JAY TRAVIN issued a Trade Union check, in the amount of $8,346.50, in the name of Louis Keltan.

q.   On or about July 23, 2004, defendant GARY WEISBROT issued a check, drawn on his PNC account in the amount of $8,400, which was deposited into his Charles Schwab Investment Account.

r.   On or about July 23, 2004, defendant GARY WEISBROT deposited $8,300 in cash into his PNC Account.

s. On or about November 14, 2005, defendant GARY WEISBROT caused a Form 1040X, Amended U.S. Individual Income Tax Return for tax year 2004 to be filed with the Internal Revenue Service that concealed at least $81,752 in taxable income that he received from Trade Union via the Louis Keltan checks.

All in violation of Title 18, United States Code, Section 371.

COUNT TWO
(Tax Evasion)

1.   The allegations set forth in Paragraphs 1 and 3 through 9 of Count One of this Indictment are hereby realleged as if fully set forth herein.

2.   On or about March 26, 2002, defendant GARY WEISBROT signed and caused to be filed with the Internal Revenue Service a Form 1040, U.S. Individual Income Tax Return for tax year 2001 on behalf of himself.  That return declared that his taxable income for calendar year 2001 was approximately $83,110 and the amount of tax due and owing to the United States was approximately $20,005.

3.   The return did not include approximately $351,800 in additional taxable income defendant GARY WEISBROT had received in 2001 from Trade Union via the Louis Keltan checks.  With this income, an additional tax of approximately $127,194 was due and owing to the United States.

4.   On or about March 26, 2002, in the District of New Jersey, defendant

GARY WEISBROT

knowingly and willfully attempted to evade and defeat a substantial part of the income tax due and owing to the United States in that he signed and caused to be filed a false and fraudulent 2001 U.S. Individual Income Tax Return, Form 1040, described in Paragraph 2 of this Count, knowing it to be false and fraudulent as described in Paragraph 3 of this Count.

- 8 -

In violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

## COUNT THREE
### (Tax Evasion)

1.     The allegations set forth in Paragraphs 1 and 3 through 9 of Count One of this Indictment are hereby realleged as if fully set forth herein.

2.     On or about March 24, 2003, defendant GARY WEISBROT signed and caused to be filed with the Internal Revenue Service a Form 1040, U.S. Individual Income Tax Return for tax year 2002 on behalf of himself.  That return declared that his taxable income for calendar year 2002 was approximately $68,908 and the amount of tax due and owing to the United States was approximately $14,993.

3.     The return did not include approximately $149,050 in additional taxable income defendant GARY WEISBROT had received in 2002 from Trade Union via the Louis Keltan checks.  With this income, an additional tax of approximately $48,544 was due and owing to the United States.

4.     On or about March 24, 2003, in the District of New Jersey, defendant

### GARY WEISBROT

knowingly and willfully attempted to evade and defeat a substantial part of the income tax due and owing to the United States in that he signed and caused to be filed a false and fraudulent 2002 U.S. Individual Income Tax Return, Form 1040, described in Paragraph 2 of this Count, knowing it to be false and fraudulent as described in Paragraph 3 of this Count.

- 10 -

In violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

## COUNT FOUR
### (Tax Evasion)

1.     The allegations set forth in Paragraphs 1 and 3
through 9 of Count One of this Indictment are hereby realleged as
if fully set forth herein.

2.     On or about April 14, 2004, defendant GARY
WEISBROT signed and caused to be filed with the Internal Revenue
Service a Form 1040, U.S. Individual Income Tax Return for tax
year 2003 on behalf of himself.  That return declared that his
taxable income for calendar year 2003 was approximately $0 and
the amount of tax due and owing to the United States was
approximately $0.

3.     The return did not include approximately $178,882
in additional taxable income defendant GARY WEISBROT had received
in 2003 from Trade Union via the Louis Keltan checks.  With this
income, an additional tax of approximately $45,679 was due and
owing to the United States.

4.     On or about April 14, 2004, in the District of New
Jersey, defendant

### GARY WEISBROT

knowingly and willfully attempted to evade and defeat a
substantial part of the income tax due and owing to the United
States in that he signed and caused to be filed a false and
fraudulent 2003 U.S. Individual Income Tax Return, Form 1040,
described in Paragraph 2 of this Count, knowing it to be false
and fraudulent as described in Paragraph 3 of this Count.

In violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

## COUNT FIVE
### (Tax Evasion)

1.      The allegations set forth in Paragraphs 1 and 3 through 9 of Count One of this Indictment are hereby realleged as if fully set forth herein.

2.      On or about November 14, 2005, defendant GARY WEISBROT signed and caused to be filed with the Internal Revenue Service a Form 1040X, Amended U.S. Individual Income Tax Return for tax year 2004 on behalf of himself.  That return declared that his taxable income for calendar year 2004 was approximately $491,865 and the amount of tax due and owing to the United States was approximately $104,560.

3.      The return did not include approximately $81,752 in additional taxable income defendant GARY WEISBROT had received in 2004 from Trade Union via the Louis Keltan checks.  With this income, an additional tax of approximately $27,263 was due and owing to the United States.

4.      On or about November 14, 2005, in the District of New Jersey, defendant

GARY WEISBROT

knowingly and willfully attempted to evade and defeat a substantial part of the income tax due and owing to the United States in that he signed and caused to be filed a false and fraudulent 2004 Amended U.S. Individual Income Tax Return, Form 1040X, described in Paragraph 2 of this Count, knowing it to be false and fraudulent as described in Paragraph 3 of this Count.

In violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

A TRUE BILL,

CHRISTOPHER J. CHRISTIE
United States Attorney

CASE NUMBER: 08-272(WHW)

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

**SAMUEL JAY TRAVIN, and**
**GARY WEISBROT**

# INDICTMENT FOR

Title 18, United States Code, Sections 371 and 2
Title 26, United States Code, Section 7201

A True Bill,

## CHRISTOPHER J. CHRISTIE
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

ANTHONY MOSCATO
ASSISTANT U.S. ATTORNEY
973-645-2752